UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ABBY UTAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY and VETERINARY PET INSURANCE COMPANY d/b/a NATIONWIDE PET INSURANCE,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION** |

## CLASS ACTION COMPLAINT

Plaintiff Abby Utal, individually and on behalf of all others similarly situated, by and through undersigned counsel, brings this class action against Defendants Nationwide Mutual Insurance Company and Veterinary Pet Insurance Company d/b/a Nationwide Pet Insurance ("Defendants"), and based upon information and belief, alleges as follows:

### NATURE OF THE ACTION

1. This consumer class action seeks redress for Defendants' false, deceptive, and misleading marketing and advertising of their pet insurance product named, My Pet Protection with Wellness Plan ("Pet Protection").

2. Specifically, Defendants promised and represented to consumers including Plaintiff and the Class (defined below), that their insurance premiums for the Pet Protection plan would not increase due to the pet's age, which was a material fact to reasonable consumers.



3. Moreover, throughout the Class period, Defendants promised and represented that they would not drop pets from coverage due to age.



4. Defendants' promises and representations that insurance premiums would not increase because of the pet's age were false, deceptive, and misleading to a reasonable consumer, in violation of Florida's consumer protection laws.

5. Specifically, in or about April 2022, or at a time better known by Defendants, Defendants secretly changed their policy without notice to consumers and, despite their earlier promises and representations to the contrary, began substantially increasing premiums for customers based explicitly on the pet's age as a factor for the premium hikes.

6. Defendants' promises and representations that they would not drop pets from coverage due to age were also false, deceptive, and misleading to a reasonable consumer, in violation of Florida's consumer protection laws.

7. Specifically, Defendants recently began announcing their plan to cancel coverage for about 100,000 pets across the country.[1]

---

[1] *See* https://www.usatoday.com/story/money/2024/06/17/nationwide-drops-pet-insurance-policies/74089275007/.

8. While Defendants blame the rising costs of veterinary care and other factors that are cutting into the profits, this is a mere pretext to drop coverage for aging pets that naturally require more medical attention at increasing costs to Defendants.

9. Plaintiff and the Class members were exposed to Defendants' false and misleading advertising for the Pet Protection product.

10. Plaintiff and the Class members purchased Defendants' Pet Protection product based on Defendants' promises.

11. Despite Defendants' representations and promises to the contrary, Plaintiff and the Class members' premiums increased during the class period as their pets aged, and many Class members with aging pets now face being dropped from coverage under Defendants' Pet Protection product.

12. Plaintiff and the Class have been damaged as a direct and proximate result of Defendants' false, misleading, and deceptive marketing and advertising of its Pet Protection product.

13. Through this action, Plaintiff seeks an award of damages to Plaintiff and the Class, and an order enjoining Defendants' violation of law.

**PARTIES**

14. Plaintiff is a natural person and resident of Miami-Dade County, Florida.

15. Defendant Nationwide Mutual Insurance Company Veterinary Pet Insurance Company d/b/a Nationwide Pet Insurance is an Ohio corporation headquartered in Columbus, Ohio.

16. Defendant Veterinary Pet Insurance Company d/b/a Nationwide Pet Insurance is an Ohio corporation headquartered in Columbus, Ohio.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because (1) the amount in controversy exceeds $5 million, exclusive of interest and costs; (2) the proposed Class includes more than 100 members; and (3) there is minimal diversity of citizenship between Plaintiff and Defendant.

18. This Court also has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendant.

19. This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts with Florida and purposely avails itself of the Florida markets through the promotion, marketing, distribution, and sale of its products to Florida consumers, such that this Court's exercise of personal jurisdiction over Defendant is reasonable and comports with traditional notions of fair play and substantial justice.

20. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## GENERAL ALLEGATIONS

21. Pet insurance is a form of indemnity coverage designed to mitigate the financial burden associated with providing medical care for domesticated animals. The purpose is to safeguard pet owners against potential large costs stemming from unexpected injuries, illnesses, or accidents involving companion animals. The role of pet insurance is to distribute the risk across a pool of policyholders, so insurers can offer financial protection and peace of mind to pet owners in exchange for the payment of premiums.

22. Throughout the relevant period, Defendant's advertising and marketing for its Pet Protection product promised that the premiums would not increase based on the age of the pet, stating "Your rate won't go up because your pet had a birthday."

23. Moreover, throughout the Class period, Defendants promised and represented that they would not drop pets from coverage due to age.

24. Defendants' promises and representations that insurance premiums would not increase because of the pet's age were false, deceptive, and misleading to a reasonable consumer, because, in or about April 2022, or at a time better known by Defendants, Defendants secretly changed their policy without notice to consumers and, despite their earlier promises and representations to the contrary, began substantially increasing premiums for customers based explicitly on the pet's age as a factor for the premium hikes.

25. Defendants' promises and representations that they would not drop pets from coverage due to age were also false, deceptive, and misleading to a reasonable consumer, in violation of Florida's consumer protection laws.

26. Specifically, Defendants recently began announcing their plan to cancel coverage for about 100,000 pets across the country. While Defendants blames the rising costs of veterinary care and other factors that are cutting into the profits, this is a mere pretext to drop aging pets that naturally require more medical attention at increasing costs to Defendants.

27. These aging pets, many now with preexisting conditions that were covered under Defendants' Pet Protection plan, now face challenges to obtain new coverage for their pets.

**ALLEGATIONS SPECIFIC TO PLAINTIFF**

28. Plaintiff was exposed to Defendants' marketing and advertising for their Pet Protection product, including Defendants' false, deceptive, and misleading misrepresentations that

6

the premium would not go up based on the pet's age, and that pets would not be dropped from coverage due to age.

29. On or about November 28, 2018, Plaintiff purchased Pet Protection policy from Defendants for her six-year-old French Bulldog.

30. Between 2019 and 2024, the premiums that Defendants charged Plaintiff for the Pet Protection policy she purchased skyrocketed from $793.77 to $3470.12 – ***an increase of almost 350%***

31. Plaintiff contacted Defendant to inquire about the increased premiums but after several calls, was eventually told by customer service that the price increase was caused by her pet's advanced age.

32. When Plaintiff referenced Defendants' promise that premiums would not increase with a pet's age, she was informed by customer service that Defendants had changed that policy.

## CLASS ALLEGATIONS

33. Plaintiff brings this action individually and, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of proposed Classes of similarly situated individuals (the "Class"), defined as follows:

> **Nationwide Increased Premium Class:** *All persons who purchased a Nationwide Pet Insurance policy prior to April 2022 and whose premium payments increased due to their pet's age.*
>
> **Florida Increased Premium Subclass:** *All persons in Florida who purchased a Nationwide Pet Insurance policy prior to April 2022 and whose premium payments increased due to their pet's age.*
>
> **Nationwide Dropped Coverage Class:** *All persons who purchased a Nationwide Pet Insurance policy and are currently at risk of being denied a policy renewal due to their pet's age.*

7

**Florida Dropped Coverage Subclass:** *All persons who purchased a Nationwide Pet Insurance policy and are currently at risk of being denied a policy renewal due to their pet's age.*

34. The Classes defined above are collectively referred to as, the "Class."

35. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

36. Excluded from the Class are Defendants and their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers or entities controlled by Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or its officers and/or directors, the Judge assigned to this action, and any member of the Judge's immediate family.

37. ***Numerosity.*** The members of the Class are so numerous that individual joinder is impracticable. Upon information and belief, the Class includes thousands of members, if not more. The exact number and identities of the Class members are unknown at this time but can be ascertained through discovery, and identification of the Class members is a matter capable of ministerial determination from Defendants' internal records.

38. ***Predominating common questions of law and fact.*** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common questions of law and fact will produce common answers that will drive resolution of the litigation, and they include, but are not limited to, the following:

   a. Whether Defendants made false or misleading representations or omissions of fact in connection with their marketing, promotion, and/or sale of the Pet Protection product;

b. Whether Defendants' representations or omissions were material;

c. Whether Defendants' representations or omissions would deceive a reasonable consumer;

d. Whether Defendants' conduct violated the Florida Deceptive and Unfair Trade Practices Act, Fla. Sta. §§ 501.201, *et seq.*;

e. Whether Defendants disseminated false or misleading advertising in violation of Fla. Stat. §§ 817.41-45;

f. Whether Defendants breached contracts with Plaintiff and the Class by failing to live up to Defendants' promises;

g. Whether Defendants have been unjustly enriched;

h. Whether Plaintiff and the Class have sustained monetary loss and the proper measure of that loss;

i. Whether Plaintiff and the Class are entitled to punitive damages; and

j. Whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

39. ***Typicality.*** Plaintiff's claims are typical of the claims of the members of the Class as they are all based on the same facts and legal theories, and Plaintiff is not subject to any unique defenses.

40. ***Adequacy of Representation.*** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action. Further, Plaintiff has no interests that are antagonistic to those of the members of the Class.

41. ***Superiority.*** A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, the individual damages suffered by each member of the Class resulting from Defendants' wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

42. In the alternative, the class may also be certified because:

   a. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudication with respect to individual class members that would establish incompatible standards of conduct for Defendants;

   b. The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

   c. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## CAUSES OF ACTION

### COUNT 1
### Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Sta. §§ 501.201, *et seq.*
### (On behalf of Plaintiff and the Class)

43. Plaintiff realleges and incorporates by reference the allegations in the above paragraphs, as if fully set forth herein.

44. The stated purpose of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§501.201, *et seq.* (the "Act") is to "protect the consuming public…from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. §501.202(2).

45. Plaintiff is a consumer within the meaning of the Act.

46. Defendants' Pet Protection Plan is a service within the meaning of the Act.

47. Defendants are engaged in trade or commerce within the meaning of the Act.

48. Fla. Stat. §501.204(1) declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

49. Fla. Stat. §501.204(2) states that "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to [section] 5(a)(l) of the Federal Trade Commission Act."

50. Defendants have violated the Act by engaging in the unfair and deceptive practices described herein, which offend public policies and are immoral, unethical, unscrupulous and substantially injurious to consumers.

51. Defendants' unfair and deceptive practices are likely to mislead—and have misled––consumers acting reasonably in the circumstances.

52. Plaintiff and the Class have been aggrieved by Defendants' unfair and deceptive practices in that they paid for the Pet Protection product after exposure to Defendants' false and misleading misrepresentations and omissions regarding the product.

53. The damages suffered by Plaintiff and the Class were directly and proximately caused by Defendants' deceptive, misleading, and unfair practices, as more fully described herein.

54. Pursuant to Fla. Stat. §501.211(1), Plaintiff and the Class seek a declaratory judgment and a Court Order enjoining Defendant's above-described wrongful acts and practices and ordering restitution and disgorgement.

55. Additionally, pursuant to Fla. Stat. §§ 501.211(2) and 501.2105, Plaintiff and the Class seek an award of damages, attorneys' fees, and costs.

## COUNT 2
### Misleading Advertising,
### Fla. Stat. §§ 817.41, *et seq*.
### (On behalf of Plaintiff and the Class)

56. Plaintiff realleges and incorporates by reference the allegations in the above paragraphs, except for those in the preceding Count, as if fully set forth herein.

57. Florida Statutes Sections 817.41, *et seq.* (the "Advertising Act"), makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the general public of the state, or any portion thereof, any misleading advertisement." Fla. Stat. § 817.41(1).

58. Florida Statutes Section § 817.40(5) defines misleading advertisements as:

[A]ny statements made, or disseminated, in oral, written, or printed form or otherwise, to or before the public, or any portion thereof, which are known, or through the exercise of reasonable care or investigation could or might have been ascertained, to be untrue or misleading, and which are or were so made or disseminated with the intent or purpose, either directly or indirectly, of selling or disposing of real or personal property, services of any nature whatever, professional

or otherwise, or to induce the public to enter into any obligation relating to such property or services.

59. Defendants have violated the Advertising Act by disseminating misleading advertisements in connection with the unfair and deceptive practices as described herein.

60. Specifically, Defendants knew that its representations were false, but they continued to make those representations in order to profit off consumers' deception.

61. In so doing, Defendants disseminated various advertisements to the public, which were false and misleading, knowing that these representations were false.

62. Thus, Defendants' advertisement of the product constitutes misleading advertisements in violation of the Advertising Act.

63. Plaintiff and the Class have been aggrieved by Defendants' unfair and deceptive practices in that they paid for Defendants' Product.

64. The damages suffered by Plaintiff and the Class were directly and proximately caused by Defendants' misleading advertisements, as more fully described herein.

65. Moreover, pursuant to Fla. Stat. §817.41(6), Plaintiff and the Class seek punitive damages, as well as attorneys' fees and costs.

**COUNT 3**
**Breach of Contract**
**(On behalf of Plaintiff and the Class)**

66. Plaintiff realleges and incorporates by reference the allegations in the above paragraphs, except for those in the preceding Counts, as if fully set forth herein

67. On or about November 18, 2018, Plaintiff and Defendant entered into a valid and enforceable contract for the purchase of a pet insurance policy named "My Pet Protection With Wellness Plan" for a yearly premium of $793.77 and monthly installments of $66.12.

68. Under the terms of the contract, Defendant promised (1) to not increase premiums due to a covered pet's increasing age; and (2) to not drop pets from coverage due to their increasing age.

69. Defendant materially breached the contract by selling a service that did not perform as advertised when premiums of the plan drastically increased as a result of the pet's increase in age, and certain pets face being dropped from coverage altogether due to their age.

70. Plaintiff and the Class were damahes as a direct and proximate result of Defendants' breach breaches of contract, in an amount to be proven at trial.

**COUNT 4**
**Unjust Enrichment**
**(On behalf of Plaintiff and the Class)**

71. Plaintiff realleges and incorporates by reference the allegations in the above paragraphs, except for those in the preceding Counts, as if fully set forth herein.

72. Plaintiff and the Class conferred a benefit upon Defendants in that they paid money to purchase Defendants' product.

73. Defendants knowingly and voluntarily accepted such benefit from Plaintiff and the Class.

74. The circumstances surrounding the benefit make it unjust for Defendants to retain such benefit without paying its fair value to Plaintiff and the Class.

75. Plaintiff and the Class are entitled to restitution and injunctive relief.

**PRAYER FOR RELIEF**

A    Certifying the Classes, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel;

B    Awarding Plaintiff and the proposed Class members damages;

C       Awarding restitution and disgorgement of Defendants' revenues to Plaintiff and the proposed Class members;

D       Awarding declaratory and injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with Court supervision, victims of its conduct and pay them restitution and disgorgement of all monies acquired by Defendant by means of any act or practice declared by this Court to be wrongful;

E       Ordering Defendants to engage in a corrective advertising campaign;

F       Awarding attorneys' fees and costs to Plaintiff and the Class; and

G      Awarding such further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 18, 2024

Respectfully submitted,

*/s/ Chris Gold*
Chris Gold
Florida Bar No. 088733
**GOLD LAW, PA**
350 Lincoln Rd., 2nd Floor
Miami Beach, FL 33139
Tel: 561-789-4413
chris@chrisgoldlaw.com

*Counsel for Plaintiff and the Proposed Class*